# EXHIBIT 1

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**
BY:    **Michael T. van der Veen**
       **ID No. 75616**
       **Nelson Levin**
       **ID No. 49761**
       **1219 Spruce Street**
       **Philadelphia, PA 19107**
       **P: (215) 546-1000**
       **F: (215) 546-8529**

*Filed and Attested by the Office of Judicial Records 10 JAN 2025 04:__ pm M. RUSSO*

**MAJOR JURY**
**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **Y.S., A MINOR, BY AND THROUGH** : | **COURT OF COMMON PLEAS** |
| **HIS P/N/G AMIE SARNOR** : | **PHILADELPHIA COUNTY** |
| : | |
| : | **AUGUST TERM, 2023** |
| **Plaintiff,** : | |
| **v.** : | |
| : | **No. 241201529** |
| **SOUTHWEST LEADERSHIP** : | |
| **ACADEMY, D/B/A SOUTHWEST** : | |
| **LEADERSHIP ACADEMY CHARTER** : | |
| **SCHOOL, et al.** : | |
| **Defendants** : | |

<u>**PRAECIPE TO REINSTATE CIVIL ACTION COMPLAINT**</u>

***TO THE PROTHONOTARY:***

       Kindly reinstate the above Civil Action Complaint for thirty (30) days for the purpose of

serving Defendant.

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

DATE: 01/10/2025                    BY: *_/s/Michael T. van der Veen_*
                                            Michael T. van der Veen, Esquire
                                            Nelson Levin, Esquire
                                            Attorney for Plaintiffs

Case ID: 241201529

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
BY:    Michael T. van der Veen
        ID No. 75616
        Nelson Levin
        ID No. 49761
        1219 Spruce Street
        Philadelphia, PA 19107
        P: (215) 546-1000
        F: (215) 546-8529

*Filed and Attested by the Office of Judicial Records 10 ... pm*

**MAJOR JURY**
**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| Y.S., A MINOR, BY AND THROUGH | : | **COURT OF COMMON PLEAS** |
| HIS P/N/G AMIE SARNOR | : | **PHILADELPHIA COUNTY** |
| 6040 GREENWAY AVENUE | : | |
| PHILADELPHIA, PA 19142, | : | |
| AND AMIE SARNOR IN HER | : | |
| OWN RIGHT | : | |
| | : | **DECEMBER TERM, 2024** |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | **No._____** |
| SOUTHWEST LEADERSHIP | : | |
| ACADEMY, D/B/A SOUTHWEST | : | |
| LEADERSHIP ACADEMY CHARTER | : | |
| SCHOOL, et al. | : | |
| 7101 PASCHALL AVENUE | : | |
| PHILADELPHIA, PA 19142 | : | |
| | : | |
| OBA LLOYD | : | |
| 800 N. 48TH STREET, UNIT 3 | : | |
| PHILADELPHIA, PA 19139 | : | |
| | : | |
| SHAWN BUTLER | : | |
| 5602 WALNUT ST APT. B | : | |
| PHILADELPHIA, PA 19139 | : | |
| | : | |
| SCHOOL DISTRICT OF | : | |
| PHILADELPHIA | : | |
| 440 N BROAD STREET | : | |
| PHILADELPHIA, PA 19130, | : | |
| | : | |
| HIP HOP TAKES A VILLAGE, LLC & | : | |
| UNVERSITY OF RAP, LLP | : | |
| 232 LEXINGTON AVENUE | : | |
| LANSDOWNE, PA 19050 | : | |
| **Defendants** | : | |

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION    DE    LICENCIADOS    DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

Case ID: 241201529

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**
BY:   **Michael T. van der Veen**
       **ID No. 75616**
       **Nelson Levin**
       **ID No. 49761**
       **1219 Spruce Street**
       **Philadelphia, PA 19107**
       **P: (215) 546-1000**          **MAJOR JURY**
       **F: (215) 546-8529**          **ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **Y.S., A MINOR, BY AND THROUGH** | : | **COURT OF COMMON PLEAS** |
| **HIS P/N/G AMIE SARNOR** | : | **PHILADELPHIA COUNTY** |
| **6040 GREENWAY AVENUE** | : | |
| **PHILADELPHIA, PA 19142,** | : | |
| **AND AMIE SARNOR IN HER** | : | |
| **OWN RIGHT** | : | |
| | : | **DECEMBER TERM, 2024** |
|         **Plaintiff,** | : | |
|   **vs.** | : | |
| | : | **No._____** |
| **SOUTHWEST LEADERSHIP** | : | |
| **ACADEMY, D/B/A SOUTHWEST** | : | |
| **LEADERSHIP ACADEMY CHARTER** | : | |
| **SCHOOL, et al.** | : | |
| **7101 PASCHALL AVENUE** | : | |
| **PHILADELPHIA, PA 19142** | : | |
| | : | |
| **OBA LLOYD** | : | |
| **800 N. 48TH STREET, UNIT 3** | : | |
| **PHILADELPHIA, PA 19139** | : | |
| | : | |
| **SHAWN BUTLER** | : | |
| **5602 WALNUT ST APT. B** | : | |
| **PHILADELPHIA, PA 19139** | : | |
| | : | |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | |
| **440 N BROAD STREET** | : | |
| **PHILADELPHIA, PA 19130,** | : | |
| | : | |
| **HIP HOP TAKES A VILLAGE, LLC &** | : | |
| **UNVERSITY OF RAP, LLP** | : | |
| **232 LEXINGTON AVENUE** | : | |
| **LANSDOWNE, PA 19050** | : | |
| | : | |
|         **Defendants.** | : | |

## COMPLAINT IN CIVIL ACTION

1.    Plaintiff Y.S. (hereinafter "Plaintiff") is a minor individual who, at all times relevant hereto, resided at 6040 Greenway Avenue, Philadelphia, PA 19142 the address with his mother Amie Sarnor.

2.    Defendant **SOUTHWEST LEADERSHIP ACADEMY, D/B/A SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** ("Southwest Leadership Academy"), is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at the address indicated above.

3.    Defendant **SCHOOL DISTRICT OF PHILADELPHIA** is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a principal place of business at the address indicated above.

4.    Defendant **OBA LLOYD** is the owner, principal shareholder and chief executive officer of Defendant **HIP HOP TAKES A VILLAGE, LLC, UNIVERSITY OF RAP, LLP** located at the address indicated above.

5.    Defendant **SHAWN BUTLER** is an adult individual residing at the address indicated above. At all times relevant and material hereto, Defendant Butler was an agent, representative and/or employee of Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY** and/or **HIP HOP TAKES A VILLAGE, LLC, AND UNIVERSITY OF RAP, LLP** and/or **JOHN AND JANE DOES #1-10**.

6.      Defendant **HIP HOP TAKES A VILLAGE, LLC, AND UNIVERSITY OF RAP, LLP** is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business residing at 232 Lexington, Lansdowne, PA 19050.

7.      Defendant **SHAWN BUTLER** is an adult individual residing at the address indicated above. At all times relevant and material hereto, Defendant Butler was an agent, representative and/or employee of Defendants **HIP HOP TAKES A VILLAGE, LLC, AND UNIVERSITY OF RAP, LLP.**

8.      Defendant **JOHN AND JANE DOES #1-10**, a fictitious name used to identify an unknown party, is averred to be an individual and/or entity.

9.      Pursuant to Pa. Rule Civ. Pro. 2005(b), **JOHN AND JANE DOES #1-10** designation is averred to be fictitious.

10.     Pursuant to Pa. Rule Civ. Pro. 2005(b), the factual descriptions of **JOHN AND JANE DOES #1-10** are averred with sufficient particularity for identification. Pursuant to Pa. Rule Civ. Pro. 2005(b), Plaintiff avers that a reasonable search to determine the actual name of **JOHN AND JANE DOES #1-10** has been conducted. The caption will be amended in accordance with Pa. Rule Civ. Pro. 2005 upon learning the identity of **JOHN AND JANE DOES #1-10**.

11.     At all times relevant and material hereto, Defendants controlled, maintained, directed, and/or provided various services with regard to a school and/or educational institution, and provided these services to primarily minors under the age of eighteen (18) years at the **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** located at 7101 Paschall Avenue, Philadelphia, PA 19142.

12.     At all times relevant herein, Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** at all times relevant, owned, managed, leased, controlled, maintained, or was otherwise responsible for

the security of students within its school premises, and upon all times relevant hereto had the responsibility of adopting policies, implementing procedures and practices, including security, which would create an environment whereby students would be safe from abuse and attacks and/or excessive force and deprivation of freedom.

13.     Upon information and belief, at all times relevant herein, Defendants **SCHOOL DISTRICT OF PHILADELPHIA, and SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** by and through its administrators, a school that is and was to provide a secured and safe environment for its students, including the Plaintiff herein.

14.     Upon information and belief, Defendants **SHAWN BUTLER AND JOHN AND JANE DOES #1-10** were or are employees of Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,** their precise identities are unknown, and they are believed to have acted under the color of state law and/or on behalf of **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TALES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP.**

15.     Upon information and belief, **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,,** at the time that the Plaintiff was injured and were responsible for the implementation, administration, operations and oversight of the policies and practices, including security at **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** that were in force and effect on or about October 1, 2022, at which time they were acting under the color of state law.

16.    Upon information and belief, Defendants **JOHN AND JANE DOES #1-10** were or are employees of Defendants **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** their precise identities are unknown, and they are believed to have acted under the color of state law but were believed to be acting in their individual and/or official capacity for and/or on behalf of **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP.**

17.    At all times material hereto, Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,** and/or **JOHN AND JANE DOES #1-10** collectively and/or individually acted, or failed to act by and through their agents, servants, workmen and/or employes who were then and there acting within the scope of their authority and course of their employment.

18.    On and before October 1, 2022, Defendants, **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,** hired, trained, supervised, monitored, controlled and/or otherwise oversaw the pattern, practices, policies and procedures of security within and about **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** including the practices of **JOHN AND JANE DOES #1-10.**

19.    It is believed and, therefore, averred that Defendants, **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,** implicitly if not explicitly created and allowed an environment where it was forceable that the known attacks or otherwise assaults by **SHAWN BUTLER** would and did occur, as herein, all of which was

reckless and without due regard for the health, safety and well-being of its student population, including to Plaintiff herein.

20.    At all times relevant hereto, Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP, were** aware of, and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring, and handling of security relating to its student body who were susceptible to confrontations and/or assaults by its security, including **SHAWN BUTLER**.

21.    The conduct of the Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP,** and/or **SHAWN BUTLER** and **JOHN AND JANE DOES #1-10** as set forth above violated the constitutional rights of the minor Plaintiff YS to be free from cruel and unusual punishment, rights to privacy, and to substantial and procedural due process, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

22.    As a direct and proximate result of the violations of the civil rights, the minor Plaintiff YS was caused to suffer grievous physical injuries as set forth above and herein.

23.    The Defendants **SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP, SHAWN BUTLER** and **JOHN AND JANE DOES #1-10** failed to exercise reasonable and proper care regarding the safety at **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL** all to the great harm and detriment of the minor Plaintiff, YS herein.

24.     At all times relevant and material hereto, Defendants were acting either individually or through their respective agents, representatives, and/or employees.

25.     Defendants are liable for the acts and omissions of their agents, representatives and/or employees through the doctrines of vicarious liability and respondeat superior.

26.     Defendants have a duty of care to ensure and maintain the safety of children in their custody, care, and control.

27.     On or about October 1, 2022, Minor Plaintiff YS was a student attending the **SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL**.

28.     On the aforesaid date and place, in the hallway at **SOUTHWEST LEADERSHIP ACADEMY**, Defendant **BUTLER** negligently, carelessly and/or recklessly unexpectedly and wantonly, recklessly and/or intentionally pushed, struck, and/or kicked Minor Plaintiff YS, all of which caused Minor Plaintiff YS to suffer serious mental and bodily injury, as will be described below.

29.     There was no reasonable basis or any ground for the unprovoked and unlawful attack upon Minor Plaintiff YS.

30.     As a direct and proximate result of the physical contact with Minor Plaintiff YS and the conduct as described herein, Plaintiff suffered severe and debilitating physical and emotional injuries of and about his body and continues to suffer from the aforesaid incident and has and/or may incur medical, hospital and/or psychiatric expenses in connection therewith.

31.     As a direct and proximate result of the physical contact with Minor Plaintiff YS and the conduct as described herein, Minor Plaintiff YS continues to suffer a loss of his enjoyment of life, emotional distress, concussion, depression, memory loss, embarrassment, pain and suffering and has and/or may incur medical, hospital and/or other expenses in connection therewith.

32.     The physical contact with Minor Plaintiff YS and the conduct as described herein resulted solely from the negligence, carelessness, and recklessness of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of Minor Plaintiff YS.

## COUNT I
## NEGLIGENCE
### Plaintiff v. Defendant Butler

33.     Minor Plaintiff YS incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

34.     In addition to the conduct of Defendant as set forth above, the negligence, carelessness and/or recklessness of Defendant consisted of, but is not limited to:

  a.  Colliding with and/or forcibly coming into contact with Minor Plaintiff's YS person and/or body;
  b.  Failing to control and/or maintain his body and/ or person such that it collided with and/or forcibly came into contact with Minor Plaintiff's YS person and/or body;
  c.  Provoking a confrontation and/or physical encounter with Minor Plaintiff's YS;
  d.  Engaging in a verbal and physical altercation with Minor Plaintiff's YS;
  e.  Blocking and/or limiting Plaintiff's movement;
  f.  Acting in a manner which impeded Minor Plaintiff's YS freedom of movement; and
  g.  Such other and further acts of negligence and carelessness, as may be revealed through discovery, which is in the exclusive possession and/or control of Defendants.

35.     As a direct and proximate result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff YS suffered severe and debilitating personal injuries, all or some of which injuries are or may be permanent in nature and character, whereby Minor Plaintiff's YS has suffered, is suffering and may suffer for an indefinite time into the future suffer, all to Minor Plaintiff's YS great detriment and loss.

36.     As a further result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff's YS has incurred and in the future will incur expenses

Case ID: 241201529

for the treatment of injuries, has been disabled and may in the future be disabled and not able to perform usual functions, has been limited and may in the future will be limited and not able to perform usual functions of his employment and avocations and has been caused and may in the future be caused great pain and suffering.

37.    As a further result of the recklessness, carelessness and negligence of the Defendants as set forth above Minor Plaintiff's YS has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

38.    As a further result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff's YS may suffer severe loss of income and earning capacity in the future.

39.    As a further result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff's YS has been unable to attend to daily chores, duties and occupations as he once did prior to the incident and may be unable to do so for an indefinite time in the future.

40.    As a direct result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff's YS and Plaintiff Amie Sarnor has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

41.    As a further result of the recklessness, carelessness and negligence of the Defendants as set forth above, Minor Plaintiff's YS has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

## COUNT II
## CORPORATE NEGLIGENCE
### Plaintiff v. Defendants Hip Hop Takes A Village, LLC, University of Rap, LLP, and Oba LLoyd

42.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

43.     The assault and injuries sustained by Plaintiffs are the direct and proximate result of Defendants' negligence and carelessness, as follows:

a.    Failing to provide adequate security for their students;

b.    Failing to supervise and protect their students, and specifically, Plaintiff, while at the school;

c.    Failing to perform adequate background checks on their employees, and specifically, the employees who were responsible for protecting and preventing assaults of students and minors;

d.    Negligently hiring the employees and/or outside contractor who allowed Defendant Butler to assault Plaintiff;

e.    Failing to have adequate policies and procedures regarding the hiring of their employees to ensure they prevent students from being assaulted and that their employees do not pose a risk of violence to students;

f.    Failing to have adequate policies and procedures to ensure students are prevented from being assaulted;

g.    Failing to adequately train their employees;

h.    Failing to adequately supervise their employees;

i.    Allowing Plaintiff to be assaulted on or about the premises of Southwest Leadership Academy;

j.    Failure to have adequate policies and procedures to identify and prevent instances of assault; and

k.    Failing to warn students and parents of the unsafe and dangerous conditions at the school owned and/or operated by Defendants; and

l.    Failing to properly hire, educate, supervise, monitor and train its agents, servants, workers, employees, outside contractors and/or other representatives.

Case ID: 241201529

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendants in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

### COUNT III
### ASSAULT AND BATTERY
**Plaintiff v. Defendant Butler**

44.     Minor Plaintiff YS incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

45.     Minor Plaintiff YS, while lawfully present on the aforesaid date at the aforementioned place was assaulted and battered by Defendant.

46.     Defendant violently and forcibly struck, pushed, and kicked the Plaintiff, causing injuries to Minor Plaintiff YS.

47.     The acts of Defendant as set forth above were done wantonly, recklessly and with the malicious intent to injure Minor Plaintiff YS and with an absolute disregard for the health, safety, and welfare of Minor Plaintiff YS.

48.     As a direct and proximate result of the assault and battery by Defendant as set forth above, Minor Plaintiff YS sustained severe and debilitating personal injuries, all or some of which injuries are or may prove to be of a permanent nature and character, whereby Minor Plaintiff YS has suffered, is suffering and may in the future suffer, all to Minor Plaintiff YS's great detriment and loss.

49.     As a result of the assault and battery by Defendant as set forth above, Minor Plaintiff YS and Plaintiff Amie Sarnor has been compelled and may in the future be compelled to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to his great loss and detriment.

Case ID: 241201529

50.     As a result of the assault and battery by Defendant as set forth above Minor Plaintiff YS and Plaintiff Amie Sarnor has incurred and may in the future incur expenses for the treatment of injuries, has been disabled and may in the future be disabled and not able to perform usual functions and avocations, has been limited and may in the future be limited and not able to perform usual functions of his employment and has been caused and may in the future be caused great pain and suffering.

51.     As a result of the assault and battery by Defendant as set forth above, Minor Plaintiff YS and Plaintiff Amie Sarnor has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

52.     As a result of the assault and battery by Defendant as set forth above, Minor Plaintiff YS and Plaintiff Amie Sarnor has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

53.     As a result of the assault and battery by Defendant as set forth above, Plaintiff has suffered physical pain, mental anguish, humiliation, depression, embarrassment, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. All Defendants

54.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

Case ID: 241201529

55.    Defendants, acting individually and/or in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly assaulted and/or caused the assault of Plaintiff, causing significant injury to Plaintiff.

56.    Defendants engaged in a pattern of willful, intentional and outrageous activity as described hereinabove that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

57.    At all times relevant hereto, Defendants knew or should have known that their conduct would cause Plaintiff to experience severe emotional distress and mental trauma.

58.    The conduct of Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

59.    The conduct of Defendants was a result of willful, intentional, reckless and outrageous indifference to the highly unreasonable risk of harm and conscious indifference to Plaintiff's health, safety and welfare.

60.    As a direct and proximate result of the intentional conduct of Defendants, Plaintiff sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

61.    The actions of Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**WHEREFORE,** Plaintiff demands damages of Defendant in a sum in excess of ($50,000.00) Dollars, compensatory and punitive, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

Case ID: 241201529

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. All Defendants

62.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

63.     Defendants engaged in a pattern of conduct which they knew or should have known involved an unreasonable risk of causing emotional distress and that emotional distress, if it were caused, might result in illness, bodily harm, severe emotional distress and/or mental trauma.

64.     The conduct of Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

65.     As a direct and proximate result of the negligent conduct of Defendants, Minor Plaintiff YS has sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

## COUNT VI
## PUNITIVE DAMAGES
### Plaintiffs v. All Defendants

66.     Minor Plaintiff YS incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

67.     At all times relevant and material hereto, Defendants acted in a wanton and reckless manner with an absolute disregard for the health, safety, and welfare of the Minor Plaintiff YS, and with a malicious intent to seriously injure Minor Plaintiff YS.

Case ID: 241201529

68.     The aforesaid conduct was outrageous as Defendants' acts were done with evil motive and/or with reckless indifference to the rights, health, safety, and welfare of Minor Plaintiff YS, and with malicious intent to seriously injure Minor Plaintiff YS, so as to provide the necessary state of mind to justify punitive damages.

69.     The aforesaid acts of Defendants were tortious and intentionally done as acts of unreasonable character in disregard of a risk of serious injury known to and/or so obvious that Defendants must have been aware of them, and so great as to make it highly probable that harm would follow.

70.     Defendants, by reason of the aforementioned conduct, did act unreasonably, outrageously, deliberately, intentionally, willfully, wantonly, knowingly, grossly, carelessly, and in capricious disregard of the rights and interests of Minor Plaintiff YS.

71.     Defendants' conduct as aforementioned warrants the imposition of punitive damages.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

## COUNT VII
### PLAINTIFFS V. DEFENDANTS, SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL AND HIPHOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP

### MONELL LIABILITY

72.     Plaintiffs incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

73.     Under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018

(1978), the Supreme Court held that a plaintiff may recover damages under 42 U.S.C. § 1983 if a state actor, "by and through its policy-making officials, maintained and endorsed policies and practices that resulted in violations of plaintiff's constitutional and federal statutory rights." *Poe v. Southeast Delco School District*, 165 F.Supp.3d 271, 275 (E.D.Pa. 2015) (applying *Monell* liability to a school district's violation of Title IX).

74.     "When, as here, a plaintiff asserts that the injuries are a result of the *failure* to establish a policy or custom of training and disciplining its employees, the plaintiff must show 'that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact.' " *Id.* at 276 (*quoting Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)) (emphasis in original).

75.     "Such a failure 'can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations.' " *Id.* at 276 (*quoting Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000)).

76.     "However, a plaintiff may also show deliberate indifference by presenting evidence that officials were aware of the risk of constitutional violations and the alternatives to preventing such harm, but either 'deliberately chose not to pursue these alternatives or acquiesced in a longstanding policy or custom of inaction in this regard.' " *Id.* (*quoting Simmons v. City of Philadelphia*, 947 F.2d 1042, 2064 (3d Cir. 1991)).

77.     As a result of the Defendants' liability imposing indifference and each of them jointly and severally, the Plaintiffs suffered cognizable damages all of which are legally compensable, demand for which is made herein.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

Case ID: 241201529

## COUNT VIII
### PLAINTIFF v. DEFENDANT SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL, HIP HOP TAKES A VILLAGE, LLC AND UNIVERSITY OF RAP, LLP AND SHAWN BUTLER SCHOOL CIVIL RIGHTS VIOLATIONS- VIOLATION of 42 U.S.C. § 1983

78.    Minor Plaintiff YS incorporate their previous pleadings herein as though set forth fully and at length.

79.    Taking advantage of his capacity as Minor Plaintiff YS's teacher, school, and the attendant authority created under state law, Defendants, through the above-referenced conduct, violated Minor Plaintiff YS'S civil and constitutional rights under the fourth and 14th amendments of the Constitution of the United States, including her right to security of person, due process and equal protection.

80.    Minor Plaintiff YS suffered the harms and damages referenced above as result of the constitutional violations committed by Defendants and each individually and jointly.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages of Defendant in a sum in excess of ($50,000.00) Dollars, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

## COUNT IX

### PLAINTIFFS v. DEFENDANT SCHOOL DISTRICT OF PHILADELPHIA, SOUTHWEST LEADERSHIP ACADEMY CHARTER SCHOOL, HIP HOP TAKES A VILLAGE AND SHAWN BUTLER SCHOOL CIVIL RIGHTS VIOLATIONS- VIOLATION of 42 U.S.C. § 1983 SUPERVISORY CLAIM

81.    Minor Plaintiff YS incorporate their previous pleadings herein as though set forth fully and at length.

82.    The abusive and illegal conduct of Defendants, in violation of Minor YS's

Case ID: 241201529

constitutional and federally protected statutory rights, resulted from acts, policies, customs, and practices maintained and endorsed by Defendants, including, but not limited to, the following:

a. Failure to train district personnel regarding the proper investigation of child abuse and assault and intimidation allegations;

b. Systematic failure to conduct, or to ensure that proper and thorough investigations of child abuse and assault and intimidation allegations were conducted;

c. Systematic failure to report, or to ensure that credible allegations of child abuse and assault and intimidation were reported to the proper agencies and authorities;

d. Systematic failure to it and sure district compliance with Pennsylvania's Child protective services law;

e. Failure to implement or maintain procedures to screen teacher applicants for past allegations and/or incidence of child abuse;

f. Failure to terminate or other wise discipline teachers, including but not limited to Defendant **BUTLER** and his supervisors, against whom credible allegations of child abuse, assault and intimidation are and were made, or are known to have engaged in a pattern of abusing, assaulting, intimidating and/or harassing Minor Plaintiff YS; and

g. Deliberate indifference to the complaints of minor plaintiff and plaintiff mother regarding abusive conduct by including but not limited to Defendant **BUTLER**.

83.    These acts, policies, customs and practices were carried out and maintained intentionally, with an arbitrary, reckless and deliberate indifference to the rights and well-being of the Minor Plaintiff YS and possibly others.

84.    These constitutional violations were without any justification.

85.    Said Defendants had a duty to safeguard the Minor Plaintiff YS's constitutional rights, that was deliberately ignored and/or abandoned by the said Defendants, including, but not

limited to the Defendants' policy and decision makers.

86.        Said Defendants acted in willful disregard for and deliberate indifference to the safety of the Minor Plaintiff YS.

87.        The said Defendants knew that their teacher , namely Defendant **BUTLER** had a propensity for such hostility, intimidation and physical assault and knew also that leaving Defendant **BUTLER** in his position of power and authority over elementary school students was almost certain to lead to conduct such as alleged herein causing deprivation of constitutional rights.

88.        Despite such knowledge, said Defendants had, instituted, continued and/or acquiesced in policies which left, placed, and ratified Defendant **BUTLER** in his position of power and authority over elementary school students, and she, indeed, assaulted the Minor Plaintiff YS.

89.        The said Defendants had a policy to do nothing on an on-going basis to ensure that their teachers, such as Defendant **BUTLER**, complied with Federal and Commonwealth law related to physical contact with minor students in their care.

90.        The said Defendants had a policy to do nothing on an on-going basis to ensure that their teachers, such as Defendant **BUTLER** who had previously demonstrated hostile, initimidating and/or assaulltive propensity toward minor plaintiff and against minor students, were kept away from children, and reported to federal and/or state law enforcement authorities.

91.        The said Defendants, by formulating, and/or acquiescing in the longstanding policies, customs or practices as stated *supra,* acted with deliberate or reckless indifference, callous disregard, or in such arbitrary manner so as to shock the conscience.

92.        Through their above referenced misconduct, said Defendants were each the moving force behind these violations.

93.        Defendants acting under color of state law, deprived the Minor Plaintiff YS of

Case ID: 241201529

rights secured by the Constitution.

94.        Defendants though policy makers and other leaders who had the power to make policy, are responsible for the acquiescence in a well-settled custom at the Defendants not to take appropriate action when confronted with misconduct such as that engaged in by Defendant **BUTLER**.

95.    The actions described *supra* were so deliberate, and displayed such reckless and/or deliberate indifference to the rights and well being of Minor Plaintiff YS as to shock the conscience.

96.        Defendants violated Minor Plaintiff YS's rights by failing to train, supervise and discipline its teachers and administrative staff, in the proper methods for dealing with individuals such as Defendant **BUTLER**, and in the proper methods for protecting minor students from violent predators, including, but not limited to, how to deal with a teacher accused of assault and hostility and intimidation and how to protect students from teachers which Defendants know and should know are violent, intimidating and assaultive, or likely to engage in such conduct directed toward those similarly situated to minor plaintiff.

97.    Defendant **BUTLER** propensities for violence and assault and intimidation were known to school and school district authorities before Minor Plaintiff YS was assaulted by Defendant **BUTLER**.

98.    The constitutional deprivations detailed above were caused by the lack of training, supervision, review and discipline by Defendants with regard to its agents, employees, workmen and employees in general and Defendant **BUTLER** in particular.

99.    Prior to the date of the incidents involving the Minor Plaintiff YS, Defendants through its policy makers, permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of the minor students entrusted to its care by teachers particularly

Defendant **BUTLER** and/or other teachers similarly situated, who were not properly trained, disciplined and/or supervised.

100.    Defendants through policy makers, are responsible for the promulgation, adoption, and implementation of official policies for its teachers, supervisors and administrative staff in general, and Defendant **BUTLER,** in particular, to appropriately interact with students without causing the deprivation of constitutional rights, and to keep violent, intimidating and assaultive teachers away from students.

101.    As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Minor Plaintiff YS sustained the physical and/or psychological injury and deprivation of civil rights as indicated above.

**WHEREFORE,** Plaintiff demands damages of Defendants in a sum in excess of ($50,000.00) Dollars, compensatory and punitive, together with such other and further relief as this Court deems just and proper, including interest, costs and delay damages.

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

DATE: 12/11/2024                           BY: /s/Michael T. van der Veen
                                          Michael T. van der Veen, Esquire
                                          Nelson Levin, Esquire
                                          Attorney for Plaintiffs

Case ID: 241201529

## VERIFICATION

I, Michael van der Veen, Esquire, hereby state that I am the attorney for the Plaintiffs herein and that as such he is authorized to take this verification on behalf of the Plaintiffs and that the facts set forth in the foregoing pleading are based on information supplied by the Plaintiffs and that same are true and correct to the best of his knowledge, information and belief.

I understand that false statements herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

**VAN DER VEEN, HARTSHORN & LEVIN**

**BY:**    **/s/Michael T. van der Veen**
        **Michael T. van der Veen, Esquire**
        **Nelson Levin, Esquire**
        **Attorney for Plaintiff**

**Dated: December 12, 2024**

Case ID: 241201529