**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Y.S.,** | : | |
| *A minor, by and through his P/N/G Amie Sarnor* | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 25-0341** |
| | : | |
| **SOUTHWEST LEADERSHIP ACADEMY** | : | |
| **et al.,** | : | |
| ***Defendants.*** | : | |

**Scott, J.** **August 21, 2026**

**MEMORANDUM**

Plaintiff Y.S., a minor individual, alleges that Defendant Southwest Leadership Academy, Defendant School District of Philadelphia, Defendant Oba Lloyd, Defendant Shawn Butler, Defendant Hip Hop Taks A Villege, LLC and University of Rap, LLP are liable for mental and bodily injuries that Plaintiff sustained while attending the Southwest Leadership Academy Charter School. After Defendants moved to dismiss Plaintiff's original Complaint, Plaintiff opted to file an Amended Complaint. ECF No. 7. Defendants have once again moved to dismiss the Amended Complaint. ECF Nos. 9, 10. For reasons explained below, the Court grants the Motions to Dismiss.

## I. Background

On October 1, 2022, Plaintiff attended the Southwest Leadership Academy Charter School ("SWLA"). Amended Complaint, ECF No. 7, ¶ 27 ("Compl."). Defendant Shawn Butler worked for Hip Hop Takes a Village, LLC and University of Rap, LLP, both of which were owned by

Defendant Oba Lloyd. *Id.* ¶¶ 4–5, 7. Evidently, the School District of Philadelphia and SWLA employed Butler through their use of Defendant Lloyd's businesses, although the Complaint fails to articulate the precise relationships among the Defendants. *See, e.g. id.* ¶¶ 14–15. In the hallway at SWLA, Plaintiff alleges that Defendant Butler "pushed, struck, and/or kicked Minor Plaintiff YS, all of which caused Minor Plaintiff YS to suffer serious mental and bodily injury." *Id.* ¶ 28.

As a result of the injuries that Plaintiff sustained from the alleged attack, Plaintiff has brought claims for Negligence against Butler (Count I), Corporate Negligence against Hip Hop Takes A Village, LLC, University of Rap, LLP, and Lloyd (Count II), Assault and Battery against Butler (Count III), Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress against Lloyd, Butler, and Hip Hop Takes a Village, LLC (Counts IV and V), Punitive Damages against Lloyd, Butler, and Hip Hop Takes a Village, LLC (Count VI), a *Monell* claim against Southwest Leadership Academy, Hip Hop Takes a Village LLC, and University of Rap, LLP (Count VII), a § 1983 claim against Southwest Leadership Academy, Hip Hop Takes a Village, LLC, University of Rap, LLP, and Butler (Count VIII), and a failure-to-supervise § 1983 claim against Southwest Leadership Academy, Hip Hop Takes a Village, LLC, and Butler (Count IX).

## II. Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

The Court employs a three-step process to evaluate a motion to dismiss for failure to state a claim for relief. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022). First, the Court articulates the elements of the claim. *Id.* Second, the Court reviews the complaint but disregards any "formulaic recitation of the elements of a . . . claim or other legal conclusion" and any allegations that "are so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id.* at 327-28 (internal quotation marks and citations omitted). Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

## III. Discussion

### A. *Plaintiff Fails To State A Claim Against The School District of Philadelphia*

It is an elemental aspect of proper pleading that the plaintiff must identify which claims are brought against which defendants. After all, in order for a defendant to abide by Fed. R. Civ. P. 8(b)'s requirement that a party "state in short and plain terms its defenses to each claim asserted against it" and to "admit or deny the allegations asserted against it," the defendant must know what claims are being brought against it. Here, Plaintiff has failed this threshold requirement. Not one count in the Amended Complaint includes the School District of Philadelphia as a Defendant. That

failure means that the School District of Philadelphia will be dismissed from this Action because there are no claims against it.

Moreover, Plaintiff's opposition to the School District's Motion to Dismiss does not address the failure to plead any claims against the School District. Instead, the opposition peculiarly parrots the same points made in opposition to SWLA's Motion to Dismiss, which are addressed below. Civil Rule 7.1 for the Eastern District of Pennsylvania commands litigants who oppose a motion to file a "brief in opposition" or some "other response that may be appropriate." "To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested." *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) (also collecting cases); *see also Ross-Tiggett v. Reed Smith LLP*, 2024 WL 1928176, at *26 (D.N.J. Apr. 30, 2024) (collecting cases where inadequate briefing constitutes forfeiture and observing that "[a]s Plaintiff has failed to meaningfully oppose Defendants' argument in support of dismissal, the Court concludes that dismissal is warranted."). Accordingly, the Court grants the School District's Motion to Dismiss as uncontested due to Plaintiff's failure to respond to the School District's arguments.

B. *Plaintiff Fails To State Section 1983 Claims Against SWLA, Hip Hop Takes A Village, University of Rap, LLP and Shawn Butler*

Plaintiff brings a *Monell* claim and two § 1983 claims against SWLA, Hip Hop Takes A Village, University of Rap, LLP and Shawn Butler. The Court addresses each claim in turn.

1. *Monell* Claim

To state a *Monell* claim, i.e. a claim for municipal liability under § 1983, Plaintiff must allege that the municipality "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . [or is] visited pursuant to

governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). The Third Circuit requires the Plaintiff to "identify a custom or policy, and specify what exactly the custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). The Plaintiff must also plead facts that make plausible the attribution of the policy to the municipality and make plausible a causal link between the policy and the alleged injury. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984).

SWLA argues that the Amended Complaint fails to identify any policy or custom sufficient to support a *Monell* claim. The Court agrees. And, somewhat surprisingly, so too does Plaintiff, who states that "Plaintiff has no access to facts, including SWLA's internal policies relating to teacher-student assaults . . . ." ECF No. 17 at 6; *see also id.* ("Plaintiff is severely constrained and cannot plead additional facts to substantiate actual or constructive knowledge by SWLA of the conduct of the substitute teacher").

Plaintiff asks the Court to consider the lack of factual support as a reason to grant Plaintiff the opportunity to pursue discovery in support of a *Monell* claim. ECF No. 17 at 5. But that is not how civil litigation works generally and not how *Monell* claims work specifically. As the Third Circuit has explained, *Monell* claims are not exempt from Federal Rule of Civil Procedure 8's requirement of a "showing, rather than a blanket assertion, of entitlement to relief." *McTernan*, 564 F.3d at 658 (citation modified). Plaintiff cannot leverage the lack of factual support in the Amended Complaint as a basis to search for proper factual support in discovery.

The Amended Complaint contains very few nonconclusory allegations. Excising the legal conclusions and threadbare assertions, the Court cannot find factual allegations in the Amended Complaint sufficient to state a *Monell* claim. At no point, for instance, does Plaintiff identify what

policies and procedures SWLA had in place that facilitated the events. Nor does Plaintiff explain how such policies and procedures caused the minor's injuries. Plaintiff gestures towards a theory of SWLA's deliberate indifference and a failure to implement a policy or custom of training employees. Compl. ¶¶ 74–77. But, as Plaintiff states in the Amended Complaint, deliberate indifference typically requires the failure to cause "a pattern of violations." *Id.* ¶ 75 (quoting *Poe v. Southeast Delco School Dist.*, 165 F.Supp.3d 271, 276 (E.D. Pa. 2015) (citation modified)). Plaintiff has not pled any such pattern; instead, Plaintiff extrapolates from one unfortunate incident into a speculative theory that such conduct must be part of a pattern. But the Court refuses to make such an inference under the facts alleged. The Court thus finds that Plaintiff fails to state a *Monell* claim against all Defendants.[1]

2. Section 1983 Claims

Plaintiff brings two § 1983 claims, one alleging that Defendants SWLA, Hip Hop Takes A Village LLC, University of Rap, LLP, and Shawn Butler violated Plaintiff's "constitutional rights under the [Fourth] and [Fourteenth] [A]mendments . . . including her right to security of person, due process and equal protection" and another alleging that Defendants SWLA, Hip Hop Takes A Village LLC, , and Shawn Butler violated Plaintiff's "constitutional and federally protected statutory rights" by failing to train and supervise their employees concerning proper conduct with students. Compl. ¶¶ 72–101.

"Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."

[1] Although a subset of the Defendants did not formally move to dismiss the Complaint against them, the Court is permitted to dismiss claims *sua sponte*. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."). Because the failures in Plaintiff's Complaint are endemic to the claims irrespective of the specific Defendants, it is in the interest of judicial economy to dismiss the claims against all Defendants.

*Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "In order to establish a section 1983 claim, a plaintiff 'must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law.'" *Id.* (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Plaintiff's first § 1983 claim fails to demonstrate the violation of a constitutional right. Plaintiff cursorily alleges that Defendants violated Plaintiff's right to security of person, due process, and equal protection under the 4th and 14th Amendments. Compl. ¶ 79. But a plausible showing of such a violation requires more, including allegations in what way each Defendant violated each constitutional right and what Plaintiff's precise theories of liability are. *See, e.g.*, *Moore v. Solanco Sch. Dist.*, 471 F.Supp.3d 640, 659–60 (E.D. Pa. 2020) (explaining the elements necessary to plead a § 1983 state-created danger claim and a denial of equal protection claim under the Fourteenth Amendment); *see also Biondino v. Bucks Cnty. Tech. Sch. Auth.*, 765 F.Supp.3d 454, 458–59 (E.D. Pa. 2025). Because Plaintiff provides no inkling as to how each Defendant supposedly violated Plaintiff's constitutional rights, Count VIII is dismissed against all Defendants.

Plaintiff's second § 1983 claim fares only slightly better than the first insofar as Plaintiff articulated that SWLA's constitutional violation is a failure to train, supervise, and discipline its employee, all of which amounts to deliberate indifference and which presumably is a Fourteenth Amendment violation (although Plaintiff fails to make this clear in the Complaint). Compl. ¶¶ 81–101; *see also Moore*, 471 F.Supp.3d at 667–68.

To establish deliberate indifference, Plaintiff must allege that (i) municipal policymakers know that employees will confront a particular situation, (ii) that the situation involves a difficult choice or history of employees mishandling, and (iii) the wrong choice by an employee will

frequently cause deprivation of constitutional rights." *Id.* at 659 (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

Plaintiff's allegations of all three elements are too cursory. For instance, Plaintiff alleges summarily that Defendants knew that Defendant Butler "had a propensity for such hostility, intimidation, and physical assault" and knew that "leaving Defendant Butler in his position of power and authority over elementary school students was almost certain to lead to conduct such as alleged herein . . ." Compl. ¶ 87. But Plaintiff provides no factual basis to support its conclusory allegation that Defendants knew this about Defendant Butler. Without that proper factual basis, the Court cannot credit this allegation as true for purposes of this motion. Plaintiff's failure to allege facts sufficient to make plausible that Defendants knew that Defendant Butler would confront this particular situation that gave rise to Plaintiff's injuries compels the Court to dismiss this claim against all Defendants.

## IV. Conclusion

For the reasons stated above, the Court grants the Motions to Dismiss. The Court declines to exercise jurisdiction over the remaining state law claims. Because Plaintiff has already amended the Complaint once and because the Court considers further amendment to be futile, the dismissal is with prejudice. An order follows.